Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1768 | **DATE** | 9/11/2012 |
| **CASE TITLE** | Woods v. City of Chicago, et. al | | |

**DOCKET ENTRY TEXT:**

The Court hereby lifts the stay in this case. The Court grants in part and denies in part defendants' motion [42] to dismiss. The assault and battery claims in Count II are dismissed with prejudice. The remainder of Count II is dismissed without prejudice as to all defendants except Swiderek. Count III is dismissed with prejudice. The John Doe defendants will be dismissed if they are not named and served by October 17, 2012.

■[ For further details see text below.]     Docketing to mail notices.

## STATEMENT

On March 30, 2010, plaintiff Mike Woods filed a three-count complaint against defendants City of Chicago, Officers Sean Lewis ("Lewis"), Rick Rivera ("Rivera"), Greg Swiderek ("Swiderek") and nine John Doe defendants. Woods alleged, among other things, that his constitutional rights were violated during his arrest on October 5, 2008. On June 22, 2010, the Court stayed this case pending the outcome of Woods's underlying criminal case. On January 9, 2012, Woods entered guilty pleas to three charges arising out of the October 5, 2008 incident. Specifically, Woods pleaded guilty to the following charges: (1) engaging in conduct that placed peace officer Rick Rivera in reasonable apprehension of receiving a battery while discharging a firearm other than from a motor vehicle; (2) aggravated assault of peace officer Sean Lewis; and (3) aggravated unlawful use of a weapon. Because the underlying criminal case has been resolved, the Court hereby lifts the stay previously entered in this case.

Defendants move to dismiss plaintiff's complaint. First, defendants move to dismiss the John Doe defendants for failure to serve within 120 days. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, plaintiff must serve all defendants within 120 days after filing his complaint. Because the case was stayed before the 120 days had run, the Court will grant plaintiff additional time to name and serve the John Doe defendants. If plaintiff has not named the John Doe defendants by October 17, 2012, those defendants will be dismissed without prejudice.

In Count III, plaintiff asserts that the individual defendants subjected him to false arrest, malicious prosecution and illegal detention. Defendants cite *Heck v. Humphrey*, 512 U.S. 477 (1994) and argue that this claim should be dismissed, because plaintiff pleaded guilty to aggravated assault. Plaintiff concedes the point. Accordingly, Count III is dismissed with prejudice.

| STATEMENT |
|---|

In Count II, plaintiff asserts that defendants assaulted and battered him and then denied him access to medical care. With respect to the portion of Count II that asserts a state-law claim for assault and battery, defendants move to dismiss on the grounds that it is time-barred by Illinois's one-year statute of limitations for tort claims against Illinois employees. *See* 745 ILCS 10/8-101. While plaintiff does not need to plead around an affirmative defense, the court will dismiss a claim on statute of limitations grounds where a plaintiff pleads, and therefore admits, the elements of the affirmative defense. *United States Gypsum Co. v. Indiana Gas Co.*, 350 F.3d 623, 626 (7th Cir. 2003). Here, plaintiff pleads that he was assaulted and battered on October 5, 2008, which is more than one year before he filed suit. Therefore, he has admitted the elements of defendants' affirmative defense. Pursuant to Rule 12(c), the Court dismisses with prejudice plaintiff's claims for assault and battery in Count II.

In Count I, Woods asserts that the individual defendants are liable to him under 42 U.S.C. § 1983 for violating his constitutional rights, including by using excessive force. Woods alleges that on the evening of October 5, 2008, he heard gunshots and ducked into a gangway. After the gunshots stopped, Woods started getting up. As he was doing so, one of the defendants struck him in the face with a gun. Although Woods never resisted arrest or disobeyed any orders, defendants kicked, punched and jumped on him. Woods alleges that his face was pushed into the ground and into his own blood. Woods alleges that defendants beat him to the point that he lost consciousness in the police truck. Woods alleges that he woke up in a holding cell in extreme pain and spitting up blood. He begged defendant Swiderek for medical treatment, but Swiderek refused. In Count II, Woods asserts that defendants violated his constitutional rights by refusing him medical treatment.

Defendants argue that in Counts I and II, Woods fails to state a claim upon which relief may be granted. A complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "After *Bell Atlantic*, it is no longer sufficient for a complaint 'to *avoid foreclosing* possible bases for relief; it must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (quoting *Equal Employment Opportunity Comm'n v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). To survive a motion to dismiss, a claim must be plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1950 (2009). In considering the motion to dismiss, the Court takes as true the allegations in plaintiff's complaint.

The Court concludes that Woods has stated a claim in Count I for excessive force. Woods alleges that he never resisted arrest or disobeyed orders. He also alleges that all defendants punched, kicked and jumped on him. Woods alleges that he was beaten to the point that he lost consciousness. Whatever the merits of this claim, Woods has adequately stated a claim for excessive force in Count I.

The Court also concludes that in Count II, Woods has stated a claim for deliberate indifference against defendant Swiderek. Woods alleges that he woke up in a holding cell in extreme pain and spitting up blood. Woods alleges that he begged Swiderek for medical treatment, but Swiderek refused. This is enough to put Swiderek on notice of Woods's claim against him. Woods has not, however, stated a constitutional claim against any other defendant in Count II. Count II is dismissed without prejudice as to the other defendants.

Finally, in Count IV, plaintiff asserts that the City of Chicago is liable to him under *Monell*. Defendants move to dismiss Count IV for one reason: that because plaintiff does not state a claim in Counts I, II or III, the City cannot be liable in Count IV. Because plaintiff stated a claim in Count I and II, the Court

| **STATEMENT** |
|---|
| rejects defendants' argument for dismissing Count IV. |