UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MIKE WOODS, a/k/a ANTHONY STEELE, | ) ) ) |
| Plaintiff, | ) 10 C 1768 ) |
| v. | ) Judge George M. Marovich ) |
| CITY OF CHICAGO, RICK RIVERA, SEAN LEWIS, GREG SWIDEREK, I. HERNANDEZ, DOMINIK DROZDEL, DONALD HILL, MARIO GARCIA, WARREN OLSZEWSKI, MICHAEL CORLETT, SCOTT PIETRYLA, and TIMOTHY KASTLER, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Mike Woods a/k/a Anthony Steele ("Woods") seeks relief under § 1983 for alleged violations of his constitutional rights. In Count I of his First Amended Complaint, Woods alleges that defendants Rick Rivera ("Rivera"), Sean Lewis ("Lewis"), Timothy Kastler ("Kastler"), Scott Pietryla ("Pietryla") and I. Hernandez ("Hernandez") violated his constitutional rights by using excessive force and being deliberately indifferent to his medical needs. In Count II, Woods alleges that defendants Greg Swiderek ("Swiderek"), Dominik Drozdel ("Drozdel"), Warren Olszewski ("Olszewski"), Donald Hill ("Hill"), Mario Garcia ("Garcia") and Michael Corlett ("Corlett") violated his constitutional rights by being deliberately indifferent to his medical needs. In Count III, Woods asserts a *Monell* claim against defendant City of Chicago.

Before the Court is a motion for partial summary judgment filed by defendants Drozdel, Olszewski and the City of Chicago. Drozdel and Olszewski seek summary judgment on Count

II, and the City of Chicago moves for summary judgment on Count III. For the reasons set out below, the Court grants the motion.

I.  **Background**

Unless otherwise noted, the following facts are undisputed.[1]

Each of the individual defendants is a Chicago police officer who was working on October 5, 2008, the night that plaintiff Woods was arrested. At about 10:30 p.m. that night, Rivera and Lewis heard multiple gun shots while they were patrolling. Separately, Pietryla, Kastler and Hernandez responded to a report of a "person with a gun/shots fired" on the 1600 block of Karlov. Ultimately, Woods was arrested at 1622 S. Karlov. The details of Woods's arrest are not in the record.

Defendants Drozdel and Olszewski also arrived at the scene, but their role was to complete a report with respect to the arrest. Drozdel and Olszewski did not see, speak to or have

---

[1]Local Rule 56.1 outlines the requirements for the introduction of facts parties would like considered in connection with a motion for summary judgment. The Court enforces Local Rule 56.1 strictly. Facts that are argued but do not conform with the rule are not considered by the Court. For example, facts included in a party's brief but not in its statement of facts are not considered by the Court because to do so would rob the other party of the opportunity to show that such facts are disputed. Where one party supports a fact with admissible evidence and the other party fails to controvert the fact with citation to admissible evidence, the Court deems the fact admitted. *See Ammons v. Aramark Uniform Services, Inc.*, 368 F.3d 809, 817-818 (7th Cir. 2004). This, of course, does not absolve the party putting forth the fact of its obligation to support the fact with admissible evidence. See *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 880 (7th Cir. 2012). It is not enough at the summary judgment stage for either party to *say* a fact is disputed. The Court considers a fact disputed *only* if both parties put forth admissible evidence of his or its version of the fact. Asserted "facts" not supported by deposition testimony, documents, affidavits or other evidence admissible for summary judgment purposes are not considered by the Court. In this case, one of defendants' facts (¶ 25) was deemed admitted, because plaintiff failed to respond to it. Two of defendants' facts (¶¶ 24 and 26) were deemed admitted, because plaintiff failed to support his denial of those facts with admissible evidence. Complaint allegations are not evidence. *Burrell v. City of Mattoon*, 378 F.3d 642, 648 (7th Cir. 2004) ("mere allegations in the pleadings, unsupported by record evidence, cannot create an issue of fact defeating summary judgment").

any contact with Woods at the scene. Instead, Drozdel and Olszewski spoke to Rivera and Lewis and then returned to the station to write their report. At the station, Drozdel and Olszewski did not see, speak to or have any contact with Woods. In fact, Drozdel and Olszewski have never had any contact with Woods.

Defendants propounded interrogatories to plaintiff. In those interrogatories, defendants requested that Woods state what evidence he had to support his claim that the City of Chicago had a policy or custom to investigate adequately citizen complaints and to train inadequately its officers. Plaintiff responded that he did "not have the necessary documents at this time for an answer."

## II. Summary judgment standard

Summary judgment should be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When making such a determination, the Court must construe the evidence and make all reasonable inferences in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Summary judgment is appropriate, however, when the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Brummett v. Sinclair Broadcast Group, Inc.*, 414 F.3d 686, 692 (7th Cir. 2005).

## III. Discussion

### A. Plaintiff's motion for leave to file affidavit

Plaintiff filed his response to defendants' motion for summary judgment before the deadline set by this Court. After the deadline had passed and after defendants had filed their

reply brief, plaintiff filed a motion for leave to file an affidavit in opposition to defendants' motion for summary judgment. In his motion, plaintiff states that he was unable to file the affidavit on time "[due] to the excessive cop[ies]." In the affidavit itself, plaintiff states, "All the facts in this motion in response to defendants['] motion for summ[a]ry judgment [are] true and made to the best of my knowledge as well as all the facts state[d] in my first amended complaint in support of my motion in response to defendants['] motion for summ[a]ry judgment."

The Court denies plaintiff's motion for leave to file the affidavit for two reasons. First, plaintiff sought permission too late. When a party does not file, until after the deadline has passed, his motion for extension of time, a court may extend the time only if the party failed to act "because of excusable neglect." Fed.R.Civ.P. 6(b)(1)(B). Plaintiff has not shown excusable neglect here. If plaintiff had difficulties making copies for his filing, he should have filed his motion for extension of time before the deadline had passed.

Second, the affidavit plaintiff seeks leave to file does not comply with Rule 56. Rule 56 states, "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed.R.Civ.P. 56(c)(4). Plaintiff's affidavit does not set out any facts at all, let alone admissible facts or facts showing that the plaintiff is competent to testify. "Rule 56 demands something more specific than the bald assertion of the general truth of a particular matter, rather it requires affidavits that cite specific concrete facts establishing the existence of the truth of the matter asserted." *Hadley v. County of DuPage*, 715 F.2d 1238, 1243 (7th Cir. 1983).

For these reasons, plaintiff's motion for leave to file the affidavit is denied.

### B. Plaintiff's claims against Drozdel and Olszewski

In Count II, plaintiff asserts that defendants Swiderek, Drozdel, Olszewski, Hill, Garcia and Corlett violated his constitutional rights by being deliberately indifferent to his medical needs. Two of these defendants, Drozdel and Olszewski, move for summary judgment on Count II on the grounds that they were not involved with the alleged deprivation of plaintiff's constitutional rights and therefore cannot be held liable.

Defendants are correct that individual liability under § 1983 "does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (quoting *Sheik-Abdi v. McClellon*, 37 F.3d 1240, 1248 (7th Cir. 1994)). Thus, Woods cannot survive Drozdel and Olszewski's motion for summary judgment on Count II unless he puts forth evidence that Drozdel and Olszewski were involved. Plaintiff has failed to do so. The undisputed evidence is that Drozdel and Olszewski have never had any contact with Woods. Although Drozdel and Olszewski were at the scene of Woods' arrest in order to gather information for the case report, the undisputed evidence is that they did not see, speak to or have any contact with Woods at the scene. Nor did they see, speak to or have any contact with Woods at the police station.

Accordingly, Drozdel and Olszewski have shown that there are no issues of material fact and that they are entitled to judgment as a matter of law on Count II. The Court grants summary judgment in favor of Drozdel and Olszewski on Count II.

### C. Plaintiff's *Monell* claim against the City of Chicago

In Count III, plaintiff seeks to hold the City of Chicago liable for the alleged violations of his constitutional rights. Woods asserts that the City of Chicago had a policy and/or custom to

investigate inadequately citizen complaints of police misconduct. Woods also asserts that the City of Chicago had a policy and/or custom to train inadequately its police officers.

Defendant City of Chicago seeks summary judgment with respect to Count III on the grounds that plaintiff has put forth no evidence to support his *Monell* claim. In *Monell v. Department of Soc. Serv. of N.Y.*, 436 U.S. 658 (1978), the Supreme Court described the circumstances under which a municipality could be held liable under § 1983. The Supreme Court explained that it is:

> when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

*Monell*, 436 U.S. at 694. Thus, to prevail under § 1983 against a municipality, a plaintiff must show that:

> (1) the [county] had an express policy that, when enforced, causes a constitutional deprivation; (2) the [county] had a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage within the force of law; or (3) plaintiff's constitutional injury was caused by a person with final policymaking authority.

*McCormick v. City of Chi.*, 230 F.3d 319, 324 (7th Cir. 2000).

The Court agrees that plaintiff has put forth no evidence from which a reasonable jury could conclude that the City of Chicago is liable. Plaintiff has put forth no evidence that the City of Chicago had an express policy or a widespread practice. Nor has plaintiff put forth evidence that his injury was caused by a person with final policy-making authority. In fact, plaintiff has put forth no evidence whatsoever. He did not so much as file a statement of facts, let alone support it with evidence admissible at the summary judgment stage.

Instead of evidence, plaintiff makes two arguments in support of his *Monell* claim. First, he argues that the City of Chicago is liable, because it employed the officers who he claims violated his constitutional rights. This is incorrect. A municipality "cannot be held liable *solely* because it employs a tortfeasor–or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Department of Soc. Serv. of N.Y.*, 436 U.S. 658, 691 (1978) (emphasis in the original). Plaintiff's second argument is that the City of Chicago must have had a policy or custom, because, otherwise, he would not have been injured. That argument is contrary to law. "One cannot infer a custom or practice from a single incident." *Estate of Moreland v. Dieter*, 395 F.3d 747, 760 (7th Cir. 2005); *see also City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985) ("Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker.").

Defendant City of Chicago has shown that there are no issues of material fact and that it is entitled to judgment as a matter of law. The Court grants the City of Chicago summary judgment on Count III.

## IV. Conclusion

For the reasons set forth above, the Court denies plaintiff's motion [119] for leave to file his affidavit. The Court grants defendants' motion [108] for partial summary judgment. Summary judgment is granted in favor of defendants Drozdel and Olszewski on Count II. Summary judgment is granted in favor of defendant City of Chicago on Count III.

This case is set for status on October 8, 2013.

ENTER:

George M. Marovich
United States District Judge

DATED: September 18, 2013